UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| ATAUL SHAFEEK, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 2:20-cv-00229-JRS-MG |
| | ) |
| L. MILLER, | ) |
| E. STEPHENS,[1] | ) |
| BENEFIEL, | ) |
| PARR, | ) |
| DICK BROWN, | ) |
| | ) |
| Defendants. | ) |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS,
DENYING MOTION TO STAY AS MOOT,
AND DIRECTING ENTRY OF FINAL JUDGMENT**

Plaintiff Ataul Shafeek, Jr., an inmate at Wabash Valley Correctional Facility, filed this action pursuant to 42 U.S.C. § 1983 on April 29, 2020. Dkt. 1. The Court screened Mr. Shafeek's complaint on November 13, 2020, and his First Amendment retaliation claims proceed against the defendants. Dkt. 10. The Court then set a pretrial scheduling order which set various deadlines and further outlined how this action shall proceed. Dkt. 28.

On September 28, 2020, defendants Benefiel, Brown, Miller, and Parr moved the Court to dismiss this action for Mr. Shafeek's failure to prosecute, pursuant to Fed. R. Civ. P. 41(b). Dkt. 39. Specifically, the defendants state that Mr. Shafeek did not serve his initial disclosures, did not serve a settlement demand, and given this history of lack of actively litigating this case, was unlikely to make his expert disclosures by the deadlines set forth in the Court's pretrial scheduling

---

[1] The Court notes that defendant E. Stephens has not yet appeared in this action, despite the Court's multiple attempts to effect service on him, including utilizing the United States Marshal services. *See* dkts. 11, 20-21, 24-25, 33-35. On August 24, 2021, the Marshal served Mr. Stephens' wife, but Mr. Stephens has taken no action in this matter. Dkt. 38.

order. *Id.* at 3; dkt. 28. Mr. Shafeek did not respond to the defendants' motion to dismiss, and the time to do so has passed.

A district court may dismiss an action with prejudice "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b). Whether dismissal is an appropriate sanction for a plaintiff's failure to prosecute "depends on all the circumstances of the case." *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 561 (7th Cir. 2011). Dismissal is generally appropriate only "when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Salata v. Weyerhaeuser Co.*, 757 F.3d 695, 699 (7th Cir. 2014). "Factors relevant to the decision to dismiss include the plaintiff's pattern of and personal responsibility for violating orders, the prejudice to others from that noncompliance, the possible efficacy of lesser sanctions, and any demonstrated merit to the suit." *Pendell v. City of Peoria*, 799 F.3d 916, 917 (7th Cir. 2015). "With those factors in mind, a court may dismiss a suit after the plaintiff has willfully refused to comply with discovery orders and the plaintiff has been warned that noncompliance may lead to dismissal." *Id.*

On October 18, 2021, the Court issued a Show Cause Order to Mr. Shafeek, permitting him through November 15, 2021 to explain why he failed to comply with the Court's pretrial scheduling order and participate in the discovery process, and to show cause why this action should not be dismissed as result of that failure. Dkt. 41. The Court warned Mr. Shafeek that if he failed to respond to the Court's show case order, this matter will be subject to dismissal without further warning. *Id.* at 2. Mr. Shafeek has not responded, nor has he taken any additional action in this case by the deadline imposed.

Based on Mr. Shafeek's failure to prosecute this case and failure to comply with Court orders, it appears he has abandoned this action. Accordingly, the defendants' motion to dismiss,

dkt. [39], is **GRANTED**. This action is **DISMISSED with prejudice** pursuant to Fed. R. Civ. P. 41(b), as it pertains to defendants Benefiel, Brown, Miller, and Parr.[2]

Because defendant E. Stephens has not appeared, as it pertains to the claims against him, this action is **DISMISSED without prejudice**.

As the Court has now made its ruling on the defendants' motion to dismiss, their motion to stay case deadlines, dkt. [40], is **DENIED AS MOOT**.

Final Judgment consistent with this Order and the Court's Order to Show Cause at docket 41 shall now issue.

        **IT IS SO ORDERED**.

Date:  12/13/2021

_JAMES R. SWEENEY II, JUDGE_
United States District Court
Southern District of Indiana

Distribution:

ATAUL SHAFEEK, JR.
244650
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838

Matthew Jacob Goldsmith
INDIANA ATTORNEY GENERAL
matthew.goldsmith@atg.in.gov

Samantha May Sumcad
INDIANA ATTORNEY GENERAL
samantha.sumcad@atg.in.gov

---

[2] "If the plaintiff fails to prosecute or comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule—except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19—operates as an adjudication on the merits." *See* Fed. R. Civ. P. 41(b).